MARY P. SHOTWELL v. PUBLIC SERVICE GAS COMPANY.

Decided May 28, 1924.

**Negligence—Runaway Accident—Defendant's Employes Carelessness in Causing Unusual Noise—Alleged Error in Charge to Which no Exception was Taken.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the rule, *Leonard J. Tynan.*

Contra, *George W. V. Moy.*

PER CURIAM.

This was an action for personal injuries. The plaintiff had driven her husband from their home, which was about a mile and a half out of Dunellen, to the railroad station at that place, in order to enable him to take a train to New York. The vehicle of transportation was a buggy, and this was drawn by a little black horse, which the jury was justified in finding was over twenty years old and was gentle. As she was driving through Madison avenue, in Dunellen, on her return from the railroad station, she passed a point where the defendant company was laying gas pipes, and just as she was about passing this point the employes of the defendant company were carrying a pipe across the road to the trench in which the pipes were being laid. Her claim is that just at that time these employes carelessly dropped the pipe they were carrying upon another pipe, which was in the trench, thereby making a tremendous noise, which frightened the horse and caused it to run away, by reason of which she was thrown out of the buggy and severely injured. The jury found a verdict in her favor, awarding her $3,500.

The first contention is that there should have been a nonsuit directed, because of the fact that there was no direct proof that the noise was caused by the negligent act of the defendant's employes. It is true that the plaintiff admitted that she did not observe the actual fall of the pipe, but she testified that she saw the employes carrying this pipe across the road, and that just about as they got to the trench there was a terrible crash almost right alongside of her, and that the crash sounded like the striking of two iron pipes against one another. We think this testimony justified the court in leaving it to the jury to determine whether or not the striking of these gas pipes together with the producing cause of the accident, and, if so, whether or not the handling of the pipe by the employes of the defendant in the way indicated was evidence of negligence on their part.

The next contention is that the court erroneously charged the jury that, if they found this was an extraordinary noise, naturally calculated to frighten a horse of ordinary gentle-

ness, they could find the defendant guilty of negligence. The criticism is that it was not pointed out in this instruction that the noise must have been caused by the defendant's employes, and that, unless it was so caused, there could be no negligence attributed to the defendant. But an examination of the charge as a whole shows that this criticism upon the excerpt from the charge is without merit, for the court expressly instructed the jury that the primary question for them to settle was whether the defendant, through its servants, made the noise which the plaintiff said it did, and that, if they did not, then that was the end of the case, and the verdict should be no cause of action.

The only other ground upon which we are asked to make the rule absolute is that the court erred in telling the jury that the sole question for them to settle was whether the defendant, through its agents and servants, made the noise which the plaintiff said it did. No objection was made to this instruction, and we see no reason why we should consider its propriety. Where an error is made in a charge to the jury, the trial judge is entitled to have his attention called to it by a properly taken objection, in order that he may correct it, if he is satisfied of the error. It is only under unusual conditions that this court, on a rule to show cause, will set aside the verdict for an erroneous ruling or instruction by the trial judge which is not called to his attention at the time the error is committed by him.

We may add, for the satisfaction of counsel, that, taking the instruction complained of in connection with other parts of the court's charge to the jury, we do not consider it to have been erroneous.

The rule to show cause will be discharged.